# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> V. <br> **DOMINGO GRANADO** | **ORDER OF DETENTION PENDING TRIAL** <br> Case Number: 1:06-CR-47 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

In 2001 defendant pled guilty to a violation of his probation for uttering and publishing. However, he failed to appear for sentencing and a bench warrant had to be issued. Defendant remained as an absconder until he was eventually arrested in January 2005, well over three years later. Defendant is currently facing state court charges and has failed to make bond in the state court. Defendant has family ties in Mexico. He states that he could reside with his wife if released, but the presentence report indicates that he and his wife have had an ongoing volatile relationship, that they separated in 2001, he left his wife to go to Texas with another woman, and that he was subsequently arrested (continued on next page)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure defendant's presence in court in light of his fugitive status for over 3 years and his previous failure to appear in court. If defendant were released from custody, he would be locked up by the state authorities because he has not made the state bond, and would not receive any credit for his time in jail against his federal sentence if he were convicted in this court. Defendant attempted at two points in the hearing (continued on next page)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 18, 2006

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **DOMINGO GRANADO**
1:06-CR-47
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

in Kansas City, Missouri, for assault when he and the woman were returning to Michigan. Defendant also has a conviction for domestic violence in 2001, which resulted in a 3-month jail sentence. Under these circumstances, Pretrial Services does not believe his wife's home would be a suitable residence.

**Part II - Written Statement of Reasons for Detention** - (continued)

to waive his detention hearing, but on both occasions did not clearly waive his rights. In between these two attempts, defendant demanded a detention hearing. Accordingly, while it now appears that defendant has acquiesced to his detention, I do not find a waiver but rather order that he be detained for the reasons stated above.